IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| BATSON-COOK COMPANY,<br><br>　　Plaintiff,<br><br>　　　v.<br><br>TRC WORLDWIDE ENGINEERING,<br>INC., et al.,<br><br>　　Defendants. | CIVIL ACTION FILE<br>NO. 3:10-CV-193-TWT |

ORDER

This is a breach-of-contract action.  It is before the Court on the Defendants' Motion to Dismiss [Doc. 11], which is DENIED.

I.  Introduction

In September 2005, Batson-Cook Co. agreed to design and build an underground parking garage for the City of Savannah.  The following March, TRC Worldwide Engineering, Inc. submitted a proposal to Batson-Cook to perform all structural engineering and design services for the project.  The TRC Proposal was in letter format and provided a description of engineering services to be provided by TRC.  It also contained a separate page of "General Conditions."  The General Conditions page contained the following clause:

> This agreement is to be governed by the laws of the State of Florida. The venue for legal action arising out of this agreement shall lie exclusively in the Circuit Court in and for Sarasota County, Florida.

(Defs.' Mot. to Dismiss, Ex. A.)  Batson-Cook did not sign or return either section of the document.  Instead, it sent a Purchase Order to TRC the following September. The Purchase Order referenced the TRC Proposal as a contract document, but included different terms and a separate set of "Conditions, Terms and Instructions."  In December 2010, Batson-Cook sued TRC in this Court for professional malpractice, negligent misrepresentation, breach of contract, breach of implied warranty, and violation of O.C.G.A. § 9-10-13.  TRC now moves to dismiss the motion based on the forum-selection clause contained in the TRC Proposal.

## II.   Motion to Dismiss Standard

A motion to dismiss based on a forum-selection clause is cognizable as a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290 (11th Cir. 1998); see also Fed. R. Civ. P. 12(b)(3).  In considering a 12(b)(3) motion, the Court may consider facts outside the complaint to determine whether venue is proper.  Thomas v. Rehabilitation Servs. of Columbus, 45 F. Supp. 2d 1375, 1377 (M.D. Ga. 1999). The Court must draw all reasonable inferences and resolve all factual conflicts in

favor of the plaintiff. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352 (3d ed. 2004).

### III. Discussion

#### A. Governing Contract

The first issue is which contract governs the relationship between the parties. Under Georgia law, because the Purchase Order contained different terms than the TRC Proposal, the Purchase Order constituted a counteroffer, which TRC accepted by beginning work on the project. American Aluminum Products Co., Inc. v. Binswanger Glass Co., 194 Ga. App. 703, 706 (1990) ("Inasmuch as [the] purchase order contained terms at variance with [the] initial proposal, the purchase order was a counteroffer, which [the plaintiff] accepted by beginning performance."). Accordingly, the terms of the Purchase Order govern the dispute between the parties.

#### B. Incorporation of Initial Proposal

The second issue is whether the forum-selection clause was incorporated into the Purchase Order by reference. TRC says that the forum-selection clause is enforceable because the Purchase Order explicitly incorporated the TRC Proposal as a contract document. The Georgia Court of Appeals considered and rejected a similar argument in Atlanta Economic Development Corp. v. Ruby-Collins, Inc., 206 Ga. App. 434 (1992). There, a general contractor and a park owner executed a written

contract under which the contractor agreed to widen a parkway and extend a culvert in return for a set fee.  The parties used a form published by the American Institute of Architects (AIA) as the contract.  The AIA contract incorporated the bid package prepared by the park owner.  The bid package contained an unsigned contract form that differed from the AIA contract in several respects.  For example, the AIA contract did not contain a provision waiving damages for delay, but the unsigned contract form in the bid package did.  When the contractor sued the park owner for damages resulting from a delay in the construction project, the park owner argued that the no-damages-for-delay provision in the bid package contract barred the contractor's claim.

The Georgia Court of Appeals held that the contract was ambiguous because the unsigned contract in the bid package omitted a price term, making "the parties' intent to incorporate and be bound by the terms of that paragraph ambiguous." Id. at 435.  The Court further explained:

> This ambiguity [was] compounded by the very circumstance that the executed contract purported to incorporate a draft, unexecuted contract form, particularity in light of the fact that this unexecuted form was a relatively small portion of a larger incorporated document containing work specifications which were clearly an essential part of the parties' agreement and were logically the intended target of the incorporation of the document.  In short, we believe that the parties in this case could easily have agreed to incorporate the package containing the unused contract form without intending to be bound by the terms of that form.

Id. at 435-36.  The facts here are similar.  There is no blank price term, but other inconsistencies between the Purchase Order and the TRC Proposal create ambiguity in the contract.  For example, the terms of the TRC Proposal and the Purchase Order differ in the amount of the fee to be paid to TRC and the choice-of-law provision.  Moreover, like in Atlanta Economic Development Corp., the incorporated proposal is unsigned.  In addition, the proposal is incorporated under the subheading "Contract Documents" which is placed beneath the heading "DESCRIPTION OF WORK," indicating that, like in Atlanta Economic Development Corp., the parties may have "agreed to incorporate the package containing the unused contract form without intending to be bound by the terms of that form."  Id. at 435-36; see also Williams Tile & Marble Co., Inc. v. Ra-Lin & Assocs., 206 Ga. App. 750 (1992) (refusing to incorporate an arbitration clause by reference where the "reasonably clear and ascertainable meaning [of the referenced document] was only to specify the [scope of work] and not to provide for the remedy of arbitration that did not otherwise exist in the general contract").

     Because the Purchase Order is unclear as to whether the parties intended to be bound by the terms of the TRC General Conditions, the next step is to apply the applicable rules of construction.  "The cardinal rule of construction is to ascertain the intention of the parties."  Maiz v. Virani, 253 F.3d 641, 659 (11th Cir. 2001).  When

attempting to ascertain the intent of the parties, Georgia courts consider "the language of the contract in light of the surrounding circumstances."  Id.  It is clear from the limited evidence before the Court that the ambiguity should not be resolved in favor of TRC.  At best, there is a factual issue as to what the parties intended.  Accordingly, the Defendants' Motion to Dismiss is denied.

## IV.  Conclusion

For the reasons stated above, the Defendants' Motion to Dismiss [Doc. 11] is DENIED.

SO ORDERED, this 3 day of June, 2011.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge